IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN SANCHEZ, 31293-177, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 3:05-CV-2376-K | |
| ) | ECF | |
| FEDERAL BUREAU OF PRISONS, ET AL., ) | | |
| Defendants. ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are the Federal Bureau of Prisons, Warden Dan Joslin, Brenda Neely, Lieutenant Munoz, and Lieutenant Martinez.

**II. Background**

Plaintiff is an inmate in the federal prison system. He has filed this complaint for injunctive relief. Plaintiff states that he was classified as a low-risk security inmate, but the Bureau of Prisons is now raising his classification to either a medium or high security risk. He filed this suit to enjoin Defendants from transferring him to a higher security level and/or from transferring him to another facility. He argues that the change in his classification violates his constitutional rights. Additionally, he states that he is currently being kept in administrative

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -1-

detention. He argues this detention violates his constitutional rights.

## III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV.  Discussion

To be entitled to injunctive relief, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the order will result in

irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest.[1] *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20(5th Cir. 2001) (citing *Hoover. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)).  Plaintiff must prove all four elements and failure to prove any one of them will result in denial of the motion. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (citing *Applebarrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)).  Plaintiff has failed to show that he is likely to succeed on the merits of his claims.

Plaintiff has not established that Defendants violated his rights by placing him in a higher security classification or by placing him in administrative segregation.  "Inmates have no protectable property or liberty interest in custodial classifications." *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998); *see also*, *Sandlin v. Conner*, 515 U.S. 472, 485 (1995) (finding no liberty interest in prisoner's administrative segregation absent atypical, significant deprivation); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (finding no protectable interest in custody classification).

Likewise, Plaintiff's claims that Defendants should be enjoined from transferring him to another facility are without merit.  Under 18 U.S.C. § 3621(b), the BOP may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time.  Federal prisoners generally have no constitutional right to placement in a particular penal institution. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Brown-Bey v. United States*,

---

[1] Plaintiff is seeking a preliminary injunction and a temporary restraining order.  The standards that govern a preliminary injunction are the same for a temporary restraining order.

**Findings and Conclusions of the**
**United States Magistrate Judge**       Page -3-

720 F.2d 467, 470 (7th Cir. 1983); *Moore v. United States Att'y Gen.*, 473 F.2d 1375 (5th Cir. 1973). Plaintiff has therefore failed to show he is likely to succeed on the merits of his claims.

## RECOMMENDATION

The Court recommends that Plaintiff's claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed December 19, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-